IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DON ALFONSO WILLIAMS, 01786481, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-4504-P |
| | ) | (Consolidated with |
| WILLIAM STEPHENS, Director, Texas | ) | No. 3:14-CV-4505-P |
| Dept. Of Criminal Justice, Correctional | ) | No. 3:14-CV-4506-P) |
| Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Background

Petitioner filed this petition pursuant to 28 U.S.C. § 2254. Petitioner challenges one conviction for murder and two convictions for aggravated robbery. *State v. Williams*, Nos. F-1157294-Y (murder), F10-16710-Y (aggravated robbery), and F10-16711Y (aggravated robbery), (Crim. Dist. Ct. No. 7, Dallas County, Tex., May 18, 2012). Petitioner's aggravated robbery cases were originally filed in juvenile court. The juvenile court transferred these cases to the criminal district court and on May 3, 2011, Petitioner was placed on deferred adjudication for these cases. He was later indicted for capital murder. On May 18, 2012, pursuant to a plea agreement, Petitioner pled guilty to the reduced charge of murder and was sentenced to fifty years in prison. The State also moved to revoke Petitioner's deferred adjudication probation in his two aggravated robbery convictions. Petitioner pled true to the allegations in the revocation

motions and was sentenced to fifty years in prison on each case to run concurrently with his murder conviction.

On December 19, 2012, the Fifth District Court of Appeals dismissed Petitioner's appeal of his murder conviction for lack of jurisdiction. *Williams v. State*, No. 05-12-00890-CR, 2012 WL 6629683 (Tex. App. – Dallas, 2012). He did not file a petition for discretionary review. On November 21, 2013, the Fifth District Court of Appeals affirmed Petitioner's aggravated robbery convictions. On April 2, 2014, the Court of Criminal Appeals denied his petition for discretionary review.

On February 25, 2014, Petitioner filed state petitions for writ of habeas corpus challenging each conviction. *Ex parte Williams*, Nos. 81,282-01, -02, -03. On May 14, 2014, the Texas Court of Criminal Appeals dismissed the petitions because Petitioner had filed them before mandate had issued on his direct appeals. On June 3, 2014, Petitioner again filed state habeas petitioner challenging each conviction. (*Ex parte Williams*, Nos. 81,282-04, -05, -06.) On August 20, 2014, the Court of Criminal Appeals denied the petitions without written order.

On December 18, 2014, Petition filed the instant § 2254 petition. He argues his two aggravated robbery convictions are invalid because the courts lacked jurisdiction over these cases, and his murder conviction is invalid because it runs concurrently with his aggravated robbery convictions.

On May 7, 2015, Respondent filed his answer. On May 26, 2015, Petitioner filed a reply. The Court now determines the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

### (1) Murder Conviction

On December 19, 2012, the Fifth District Court of Appeals dismissed Petitioner's appeal

---

[1] The statute provides that the limitations period shall run from the latest of--

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

for lack of jurisdiction. He did not file a petition for discretionary review. His conviction therefore became final thirty days later, on January 18, 2013. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until January 18, 2014, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 25, 2014, Petitioner filed his first state habeas petition. This petition, however, was filed after the one year AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner's § 2254 petition was due by January 18, 2014. He did not file his petition until December 18, 2014. His petition is therefore untimely.

(2) **Aggravated Robbery Convictions**

On May 3, 2011, Petitioner was placed on deferred adjudication probation for his aggravated robbery convictions. Orders of deferred adjudication probation are final judgments for purposes of the AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). Petitioner did not appeal his deferred adjudication judgments. His convictions therefore became final thirty days after the judgment, or on June 2, 2011. *See* Tex. R. App. P. 26.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing). He then had one year, or until June 2, 2012, to file his § 2254 petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 25, 2014, Petitioner filed his first state habeas petition. This petition, however, was filed after the one year AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his § 2254 petition by June 12, 2012. He did not file his petition until December 18, 2014. His petition is therefore untimely.

### (3)     Tolling

Petitioner claims he is entitled to statutory tolling because the state court improperly dismissed his first state habeas petitions, which he claims created an impediment to his timely filing. As discussed above, however, the AEDPA limitations period expired prior to Petitioner filing his first state habeas petitions. The state court's dismissal of these petitions therefore did not affect the timeliness of his § 2254 petition. This claim should be denied.

### B.     Actual Innocence

Petitioner argues he is entitled to tolling because he is actually innocent. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924 (2013). A petitioner who claims actual innocence, however, must make a credible showing of actual innocence from evidence not presented at trial and "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 1935. Petitioner has failed to meet this high standard. He argues he has new evidence that is actually innocent because the juvenile court never obtained jurisdiction to transfer his

aggravated robbery cases to the criminal district court, and the criminal district court lacked jurisdiction to accept his aggravated robbery guilty pleas because of the unlawful transfer from the juvenile court. On state habeas review, the court held a hearing on Petitioner's claims. The state court reviewed the juvenile records and determined Petitioner's aggravated robbery convictions were properly transferred to the criminal district court. *Ex parte Williams*, 81,282-04 and -05 at 72-76. Petitioner has failed to establish that the state courts lacked jurisdiction over his aggravated robbery cases and that he is therefore actually innocent.

## C.   Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not shown that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

## III. Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 25 day of April, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).